## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| YULE HOBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-1591 RLW |
| | ) | |
| JUDGE HEATHER JACQUEL HAYS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon self-represented plaintiff Yule Hobson's application to proceed in district court without prepaying fees or costs pursuant to 28 U.S.C. § 1915. ECF No. 2. Because plaintiff has not provided any financial information, the Court is unable to determine if he is able to pay the $402 filing fee at this time. Therefore, the Court will direct plaintiff to submit an amended application. If plaintiff fails to timely comply, the Court will deny the motion to proceed *in forma pauperis*. In addition, plaintiff has submitted an incomplete "Civil Complaint" form. ECF No. 1. Plaintiff does not provide his basis for jurisdiction, a statement of claim, or a request for relief. Therefore, plaintiff will also be directed to submit an amended complaint.

### Amend Application to Proceed *in Forma Pauperis*

"According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit." *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court follows a two-step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. *Id.* First, the Court must determine whether the applicant qualifies by economic status; second, the court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to

state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.*

"The opportunity to proceed *in forma pauperis* is a privilege rather than a right, and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo. Apr. 20, 2005) (citing *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987)). "In considering a request to proceed *in forma pauperis*, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations." *Bey v. Kelly*, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). Such showing of poverty is sufficient if the applicant would become completely destitute or be forced to give up the basic necessities of life if required to pay the costs of the lawsuit. *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

Here, plaintiff submitted a blank affidavit of financial status. *See* ECF No. 2. Although he signed the form, he did not provide any information regarding his income for the past twelve months; the amount of money he has on hand in a checking or savings account; or whether he has any assets, such as a car or real estate. He has also failed to provide information regarding his monthly expenses and debts.

Due to plaintiff's self-represented status and his attestation that he is in poverty, the Court will permit him the opportunity to file a completed application so the Court may determine whether he meets the economic requirements for *in forma pauperis* status. The form *must* be completed in full. Failure to timely comply will result in the Court's denial of his request to proceed in district court without prepaying fees or costs.

**Amend Complaint**

Plaintiff filed the instant action on a "Civil Complaint" form against Judge Heather Jacquel Hays, a state court judge.[1] Although plaintiff used the Court-provided form complaint, he left the sections titled "Statement of Claim," "Injuries," and "Relief" blank. He also did not properly complete the section titled "Basis for Jurisdiction." Without this required information, the Court is unable to assess whether it has jurisdiction over this case, or to assess the merits of plaintiff's case. In consideration of plaintiff's self-represented status, the Court will provide him with the opportunity to amend his complaint.

Plaintiff must type or neatly print his amended complaint on the Court's civil complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must put his case number, 4:23-CV-1591 RLW, in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and must sign it.

In the "Basis for Jurisdiction" section of the form, plaintiff must identify the basis upon which this Court has jurisdiction. Jurisdiction is a threshold requirement for plaintiff to proceed, and he has the burden of proving its existence. If plaintiff intends to bring this action under federal question jurisdiction, he must point out the relevant federal statute(s) under which he is filing suit. If plaintiff believes diversity jurisdiction exists, he must demonstrate that he is not a citizen of the same state as any defendant, and that the value of his claim is at least the required amount of

---

[1] The correct spelling of defendant's name is Heather Jacquelin Hays.

$75,000. Plaintiff must establish that the Court has jurisdiction over his case. If he fails to carry this burden, his case will be dismissed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). He should avoid legal arguments and case citations and confine himself to factual allegations against the defendant(s).

In structuring the statement of claim, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

To state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). Thus, while the Court must accept plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In the amended complaint, plaintiff must present **facts** as opposed to conclusions and broad accusations. "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

To the extent plaintiff is suing defendant Judge Heather Hays as the judicial officer in his state rent and possession case, the Court informs him that judicial immunity may bar this action.[2]

---

[2]The Court notes that on December 12, 2023, Judge Hays issued a Judgment determining that Yule Hobson is liable to Scauzzo St. Louis Properties, LLC for $3,843.23 in unpaid rents. *See Scauzzo St. Louis*

Because a judicial officer, exercising the authority in which he or she is vested, should be free to act upon their own convictions, judicial immunity provides a judge with immunity from suit. *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even if the judge is accused of acting maliciously or corruptly. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice"). Moreover, "a judge will not be deprived of his immunity because the action he took was in error or was in excess of his authority." *Justice Network, Inc. v. Craighead Cnty*, 931 F.3d 753, 760 (8th Cir. 2019).

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that any claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's form Application to Proceed in District Court without Prepaying Fees or Costs.

---

*Properties, LLC v. Yule Hobson*, Case No. 2322-ACL13842 (22nd Jud. Cir., State of Mo.). The Court may take judicial notice of public records on Case.net, Missouri's online case management system. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to plaintiff a copy of the Court's Civil Complaint form.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $402 filing fee or submit the completed Application to Proceed in District Court without Prepaying Fees or Costs, in accordance with the instructions set forth herein, by **January 11, 2024**. Failure to comply timely and fully will result in the Court's denial of plaintiff's request to proceed in district court without prepaying fees or costs.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form by **January 11, 2024**, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint by **January 11, 2024**, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of December, 2023.

6